# PennDOT v. Gretz

*Thomas Hines, Office of Chief Counsel*, for the commonwealth.

*Richard Wasserbly*, for defendant.

BIEHN, *J.*, January 14, 1987 — The Department of Transportation has appealed to the Commonwealth Court from our order dated October 27, 1986.[1] That order was entered pursuant to a hearing held on October 10, 1986. At the hearing, appellant introduced into evidence appellee's driving rec-

---

1. On December 10, 1986, an order was entered directing appellant to file a statement of matters complained of on appeal. As of this date, appellant has filed no reply.

ord. According to that record, appellee was charged with driving under the influence of alcohol or a controlled substance, 75 Pa.C.S. §3731, on May 2, 1984. She initially accepted Accelerated Rehabilitative Disposition to the charge and her driver's license was suspended for six months. The driving record shows a credit toward this suspension from December 31, 1984, to June 30, 1985.

While on the ARD program, appellee was convicted of a new driving under the influence charge and received an additional suspension which is not contested here. The driving record then shows that appellant was removed from the ARD program on the initial violation and convicted on May 31, 1986. She was then sent an official notice of suspension for one year, effective August 9, 1986, for her May 2 1984, violation. Appellee appealed to this court arguing that she should receive a six-month credit toward this last suspension for the time she was without her license under the ARD program. Appellant did not agree, seeking to impose an additional one-year suspension. We denied the appeal, upholding the one-year suspension but allowing appellee a six-month credit.

Section 3731 calls for a mandatory suspension of operating privileges for a period of not less than one month but not more than 12 months for any person who accepts Accelerated Rehabilitative Disposition. If ARD is revoked, the commonwealth proceeds on the original charges. The Department of Transportation is required to suspend the operating privileges of any driver for one year upon a conviction of violating section 3731. 75 Pa.C.S. §1532.

In the instant case, the appellant is seeking to impose a greater penalty than that authorized by the Legislature. Appellant committed one violation of section 3731 on May 2, 1984, for which she must

receive a one-year suspension. However, she has already been without her license for six months on the same offense under the ARD provision and must be so credited. In the interest of justice, we cannot allow appellant to impose what would effectively be an 18-month suspension for one offense.

Accordingly, our order was entered.